In the Matter of the Claim of STEPHEN JEROMIS, Respondent, against ALVIN-HERB REALTY CORPORATION, Appellant. STATE INDUSTRIAL BOARD, Respondent. — Appeal by employer from a decision and award of disability benefits made to claimant employee as consequent upon injuries sustained in the course of his employment. Appellant contends that claimant's noncompliance with section 18 of the Workmen's Compensation Law as to notification of his accident is fatal to the award. Such noncompliance was excused by the Industrial Board upon the ground that the employer had actual notice of the accident within thirty days after its occurrence and was not prejudiced by the failure of written notice. The evidence amply justifies the premise of such action. Award affirmed, with costs to the State Industrial Board. All concur.

In the Matter of the Claim of ALEXANDER SAGER, Appellant, against GENERAL ELECTRIC COMPANY, Respondent. STATE INDUSTRIAL BOARD, Respondent.— Claimant appeals from a decision of the State Industrial Board denying his application to reopen his claim for an injury which occurred on June 7, 1922. The Board's decision was based on the ground that more than eighteen years have expired since the date of the accident, and under the provisions of section 25-a of the Workmen's Compensation Law, it no longer has jurisdiction. It appears that the self-insured presently has no interest in the matter. That part of the statute cited is one of limitation, and being procedural in character is retroactive in effect. No vested right is involved, nor is any constitutional question created. A workmen's compensation law is not guaranteed by the State Constitution. The Legislature is merely empowered to pass such an act and the regulation thereof is wholly within the scope of legislative authority. Decision affirmed, without costs. All concur.

In the Matter of the Claim of DOROTHY McAVOY, Respondent, against E. R. SQUIBB & SONS et al., Appellants. STATE INDUSTRIAL BOARD, Respondent.— This is an appeal by an employer and its insurance carrier from an award for death benefits made to Dorothy McAvoy, widow of Edward J. McAvoy, deceased employee. The deceased was employed as an electrician by the employer. On January 8, 1943, about 1:10 A.M., he was working at his employer's premises. His hours of employment were from 12:15 A.M. to 8:45 A.M. At 7:00 A.M., on the same morning he was found dead on the ground outside of his employer's building. The State Industrial Board found that his death was caused by a fall from an unknown point of the employer's building. The accident was not witnessed. The contention of the appellants is that decedent came to his death through suicide. The evidence sustains the finding of the Industrial Board. Award affirmed, with costs to the State Industrial Board. All concur.